ALAMMA P. VADAKARA, Plaintiff-Appellee, v. THE DEPARTMENT OF PROFESSIONAL REGULATION *et al.*, Defendants-Appellants.

First District (4th Division)   Nos. 1—91—2107, 1—91—2162 cons.

Opinion filed January 30, 1992.

Roland W. Burris, Attorney General, of Springfield (Rosalyn B. Kaplan, Solicitor General, and Jan E. Hughes, Assistant Attorney General, of Chicago, of counsel), for appellants.

David Blumenfeld, Ltd., of Chicago (William C. Coughlin, of counsel), for appellee.

PRESIDING JUSTICE JIGANTI delivered the opinion of the court:

The defendant, the Department of Professional Regulation (Department), denied plaintiff Alamma P. Vadakara's application for licensure as a pharmacist on the grounds that she did not attend a five-year pharmacy program as required by Illinois law. On administrative review, the circuit court reversed the Department's decision. The Department has appealed, contending that the circuit court's decision was against the manifest weight of the evidence. The sole issue before us is whether the trial court erred in concluding that the plaintiff graduated from a five-year pharmacy program as required by the Pharmacy Practice Act of 1987 (Ill. Rev. Stat. 1989, ch. 111, par. 4121 et seq.) and the Department regulations for administering the Act (68 Ill. Adm. Code §1330.20 (1991)).

■ Section 6 of the Pharmacy Practice Act of 1987 (Act) states in pertinent part that "[e]ach individual seeking licensure as a registered pharmacist shall make application to the Department and shall provide evidence *** that he is a graduate of a first professional degree program in pharmacy of a university recognized and approved by the Department." (Ill. Rev. Stat. 1989, ch. 111, par. 4126.) Section 1330.20 of the Department's regulations for administering the Act provides that one of the criteria for Department approval is that the pharmacy program have "a curricular offering of post-secondary instruction totalling at least five (5) academic years including any pre-professional education requirements." (68 Ill. Adm. Code §1330.20(a)(3) (1991).) The Act also makes reference to a "first professional degree program in pharmacy of at least 5 academic years" in setting out requirements for graduates of pharmacy schools which

were not recognized and approved by the Department. Ill. Rev. Stat. 1989, ch. 111, par. 4126.

The record reveals that the plaintiff received a "Diploma in Pharmacy" after completing a one-year program extending from June 1978 to July 1979. From January 1980 to May 1984, the plaintiff attended a four-year course of studies to obtain a bachelor degree in pharmacy. She applied to the Department for examination as a registered pharmacist in 1986 and again in 1990. Both applications were denied on the basis of a finding by the State Board of Pharmacy that the pharmacy program attended by the plaintiff was less than five years.

The central dispute in this cause involves the effect to be accorded the one-year diploma in pharmacy which the plaintiff received prior to attending the four-year bachelor degree program. As stated above, the Department regulations provide that to be an approved program, a pharmacy program must have "a curricular offering of post-secondary instruction totalling at least five (5) academic years *including any preprofessional education requirements.*" (Emphasis added.) (68 Ill. Adm. Code §1330.20(a)(3) (1991).) The plaintiff maintains that the one-year diploma constituted a prerequisite to the four-year degree program and therefore combined with the degree program to satisfy the Illinois requirement of a five-year pharmacy program. The Department contends that the record refutes the contention that the one-year diploma was a prerequisite for admission to the bachelor degree program and shows clearly that the plaintiff's pharmacy program extended over only four years.

The documents attached to the plaintiff's application included the prospectus for admission to the degree of Bachelor of Pharmacy in the Medical College of the University of Kerala, the syllabus of the bachelor degree program and the transcript showing the courses the plaintiff took and the grades she received. The prospectus, dated 1986, states that the curriculum "extends over a period of four years" and lists tuition fees broken down into each of the four years. It further states that of the 28 available seats, five seats are reserved "for Diploma holders in Pharmacy." The syllabus of the bachelor degree program specifies the duration of the course as "[f]our years with a minimum of 200 working days in the year." The syllabus also lists the scheme of study and the courses offered over the course of the four-year program. The plaintiff's college transcripts show the courses she took and the grades she received in each of the four years. The record contains an undated letter from G.R. Nair, the director of the plaintiff's pharmacy college, stating that the plaintiff was a student "from

June 1978 to May 1984 (one year—Diploma in pharmacy as a pre-requisit[e] and four year pharmacy degree program)."

The Department concluded, based upon the above documents, that the plaintiff's course of study in pharmacy did not fulfill the requirements of Illinois law. No hearing was held before the Department. The circuit court reversed the Department on administrative review, finding that "the plaintiff has completed a five (5) year program in Pharmacy."

■ The Department contends on appeal that the circuit court's decision was against the manifest weight of the evidence. (*Ballin Drugs, Inc. v. Department of Registration & Education* (1988), 166 Ill. App. 3d 520, 530, 519 N.E.2d 1151.) We agree. As stated earlier, the central dispute between the parties is whether the one-year diploma in pharmacy constituted a "preprofessional education requirement" which would be included in determining the duration of the plaintiff's pharmacy program. In our opinion, the record does not support the plaintiff's contention that the pharmacy diploma was a prerequisite to the four-year bachelor degree program. The documents before the Department clearly established that the plaintiff attended a four-year pharmacy program. The prospectus, the syllabus and the plaintiff's transcripts all reveal a four-year course of study, and none of those documents mention any such prerequisite. The sole fact supporting the plaintiff's position is a letter by the college director characterizing the one-year pharmacy diploma as a "pre-requisite" for admission to the four-year program. We believe this characterization is refuted, however, by the prospectus, which states that only 5 of the 28 available seats were reserved for holders of the diploma. Based upon this evidence, we believe the circuit court erred in finding that the plaintiff satisfied the requirement of attending a five-year pharmacy program.

The Department further contends that it did not violate the plaintiff's right to due process by failing to hold a hearing before denying her application. We do not believe this issue is appropriately raised by the Department in light of the plaintiff's failure to request a hearing as an alternative form of relief.

Accordingly, the judgment of the circuit court is reversed.

Reversed.

JOHNSON and McMORROW, JJ., concur.